UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3560 |
| | § | |
| CHAPLAIN WATKINS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Steven Walker, proceeding *pro se*, filed suit under 42 U.S.C. § 1983 alleging violations of his civil rights. Walker's complaint named three defendants. On April 30, 2018, this Court dismissed without prejudice Walker's claims against two of the defendants. Those defendants were identified as chaplains at Texas Department of Criminal Justice ("TDCJ") units. Walker failed to provide sufficient identifying information about the chaplains to effect service of process. (Doc. # 16).

The sole remaining defendant, Bryan Collier, moved to dismiss on March 19, 2018. Walker did not respond to Collier's motion. Based on the pleadings, the motion, and the applicable law, the defendant's motion is granted in part and denied in part.

**I.    Background**

Walker is a Native American inmate in TDCJ. He wishes to transfer to a Native American unit with 24 hour on-site medical access but was apparently prevented from doing so under a TDCJ classification policy that prohibits inmates from transferring to different units for a period of time following a major disciplinary offense. Walker contends that this policy places a substantial burden on his religious practice. He seeks monetary, declaratory, and injunctive relief.

## II. Analysis

Collier moves to dismiss the complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

### A. The Rule 12(b)(1) Standard

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. *Home Builders Assoc' of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). When the jurisdictional issue is of a factual nature rather than facial, plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989).

### B. The Rule 12(b)(6) Standard

In reviewing a motion to dismiss under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

### C. Failure to State a Federal Claim

Collier argues that this Court lacks subject matter jurisdiction, and that Walker fails to state a claim, because Walker cites only the Texas Religious Freedom Restoration Act, TEX. CIV. PRAC. & REM. CODE § 110.0003(a), as the basis for his claim. 42 U.S.C. § 1983 provides a remedy for "deprivation[s] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. In that sense, Collier is correct that Walker fails to identify a federally protected right.

*Pro se* litigants, however, are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Under the liberal reading required by *Haines*, Walker's complaint can be read to raise a claim under the First and Fourteenth Amendment, and/or under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §2000cc-1. Indeed, the Texas state courts have specifically noted that RLUIPA is the federal counterpart to the Texas Religious Freedom Restoration Act. *See*, *e.g.*, *Balawajder v. Texas Dep't of Criminal* Justice, 217 S.W.3d 20, 26 (Tex. App [Houston −1st Dist.] 2006). This Court would, of course, have jurisdiction over any such federal claims and, if jurisdiction exists, would also have jurisdiction over any pendent state law claims. Because Collier's only argument for dismissal of the complaint rests on his unduly cramped reading of the complaint, he fails to demonstrate that he is entitled to dismissal under either Rule 12(b)(1) or (6).

### D. Eleventh Amendment Immunity

Collier also argues that he is immune from Walker's claims for money damages against him in his official capacity. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A suit for damages against a state official in his official capacity is not a suit against the individual, but against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Because Walker's claims against Collier in his official capacity are claims against the State of Texas, Walker's claims for money damages are barred by the Eleventh Amendment.

### III. Conclusion

The defendants' motion to dismiss (Doc. # 14) is GRANTED IN PART AND DENIED IN PART. Walker's claims for money damages against defendant Collier in Collier's official capacity are DISMISSED WITH PREJUDICE. The motion to dismiss is, in all other respects, DENIED.

It is so ORDERED.

SIGNED on this 19th day of November, 2018.

_____
Kenneth M. Hoyt
United States District Judge